# UNITED STATES DISTRICT COURT
## Middle District of Alabama
### Eastern Division

**FILED**
JUN 8 1993
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA
v.
DARLENE STRICKLAND
   Defendant.

Case Number CR 93-00060-E-003

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, DARLENE STRICKLAND, was represented by MICHAEL D. REYNOLDS.

The defendant was found guilty on Counts I, XII, XIII, XIV, and XV after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such Counts, involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) | Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Cocaine Base | 01/14/93 | I |
| 21 USC 841(a)(1) and 18 USC 2 | Distribution of Cocaine Base and Aiding and Abetting | 12/16/92 | XII |
| 21 USC 841(a)(1) and 18 USC 2 | Distribution of Cocaine Base and Aiding and Abetting | 01/12/93 | XIII |
| 21 USC 841(a)(1) and 18 USC 2 | Distribution of Cocaine Base and Aiding and Abetting | 01/14/93 | XIV |
| 21 USC 841(a)(1) | Possession with Intent to Distribute Cocaine Base | 01/14/93 | XV |

As pronounced on June 3, 1993, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the Clerk, U.S. District Court a special assessment of $ 250.00, consisting of special assessments of $50.00 each on Counts I, XII, XIII, XIV and XV, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 7th day of June, 1993.

_____
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 01/11/59
Defendant's residential address: 3014 22nd Avenue, Lanett, Alabama 36863
Defendant's mailing address: Montgomery City Jail, 320 No. Ripley St., Montgomery, AL 36104

EOD 6-8-93



Case 3:93-cr-00060-ID-SRW    Document 62-3    Filed 06/08/1993    Page 2 of 4
AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4

Defendant: DARLENE STRICKLAND
Case Number: CR 93-00060-E-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months. This term consists of terms of two hundred forty (240) months as to Count I; two hundred thirty-five (235) months as to Count XII; two hundred thirty-five (235) months as to Count XIII; two hundred thirty-five months as to Count XIV; and two hundred thirty-five months as to Count XV. All such terms shall run concurrently with the sentence imposed in Count I.

The defendant is to stand committed for service of this sentence this date.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on 7-19-93 to FMC Lex
at Lexington, Ky, with a certified copy of this Judgment.

United States Marshal

By  A. Underwood, DUSM
    Deputy Marshal

Case 3:93-cr-00060-ID-SRW   Document 62-3   Filed 06/08/1993   Page 3 of 4
AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sh. 3 - Supervised Release

Judgment--Page 3 of 4

Defendant: DARLENE STRICKLAND
Case Number: CR 93-00060-E-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years. This term consists of a term of ten (10) years as to Count I; and terms of eight (8) years each on Counts XII, XIII, XIV, and XV, which shall run concurrently with the term of supervised release imposed in Count I.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay as ordered any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall submit to a drug test when ordered to do so by the Probation Officer. If determined necessary by the Probation Officer, the defendant shall participate in a substance abuse treatment program as directed by the Probation Officer.

5. The defendant shall participate in a mental health treatment program as directed by the Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page 4 of 4

Defendant: DARLENE STRICKLAND
Case Number: CR 93-00060-E-003

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 34 |
| Criminal History Category: | III |

Imprisonment Range:
    Count I                240 months
    Counts XII - XV    188 to 235 months

Supervised Release Range:
    Count I                10 years
    Counts XII - XV    8 years

Fine Range:     Counts I through XV      $ 17,500 to $ 24,000,000.00

Restitution:                                  Not Applicable

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The Court finds that there is no identifiable victim who incurred a financial loss as a result of this offense and, therefore, declines to enter an order of restitution.

The Court finds that the sentence imposed is consistent with the factors stated at 18 U.S.C. §3553(a) to be considered in imposing a sentence.

This sentence is imposed at two hundred forty (240) months because this is the minimum term allowable according to statute and is also the applicable guideline term of imprisonment.

ATTEST: A True Copy.
Certified To _____ June 8, 1993
Thomas C. Caver
Clerk, U.S. District Court,
Middle District of Alabama

BY _____
                 Deputy Clerk