UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DARLENE STRICKLAND** ) | |
| Defendant/Movant ) | |
| ) | |
| ) | |
| vs ) | Case No: CR93-00060-E-003 |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| Plaintiff/Respondent ) | |
| ) | |
| ) | |

**MOTION FOR REDUCTION OF SENTENCE BASED ON RETROACTIVE GUIDELINEAMENDMENT, EFFECTIVE NOVERBER 13, 2007, CONCERNING CONIANE BASE ("CRACK") THAT HAVE THE EFFECT OF LOWERING GUIDELINE RANGE**

---

NOW COMES Defendant/Movant __DARLENE STRICKLAND__ in a pro-se, respectfully moves this Honorable court pursuant to 18 U.S.C.A §3582 (c) (2) and 1B1.10(c) of the United States Sentencing guideline, to modify an already imposed sentence based upon the retroactive amendment to §2D1.1 and 4A1.1 and 2 of the Sentencing Guideline which became effective November 01, 2007, specifically **Amendment 9**-pertaining to offense involving cocaine base "crack".

The commissioner has listed in §1b1.10(c) to include **Amendment 9** as the guideline amendments that the courts may apply retroactively under 18 U.S.C. 3582 (c) (2) which provides that "in the case of the defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C §994 (o), upon the motion of the defendant or the Director of Bureau of prisons, or on its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553 (a) to the extent that they are applicable policy statements issued by the Sentencing Commission".

## II     AMENDMENTS TO THE GUIDELINES.

On May 01, 2007, the United States Sentencing Commission [her inafter} "USSC" or "the Commission"] sent to the United States Congress proposed changes to the Guidelines, which included **inter-alia, Amendment 9** will effectively reduce Petitioner's sentence by two (2) points from the Base Offense level. Thus crack cocaine offense for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by **two levels**. The amendment also designed a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances.

> The commissioner stated in its "Reason for Amendments" that: "The commission identified as a policy **priority** for amendments cycle ending May 01, 2007, "continuation of its work with congressional, executive, and judicial branches of the government, and other interested parties on cocaine sentencing policy," including reevaluating the Commission's 2002 report to Congress, titled **"Cocaine and Federal Sentencing Policy.** As a result of the Anti-Drug Abuse Act of 1986, Pub.L. 99-57-.21 U.S.C. §(b) (1) requires a five year mandatory minimum penalty for a first time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten year mandatory minimum penalty for a first-time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine. Because 100 time more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty. This penalty structure is commonly referred to as the **"100 to 1 drug quantity ratio. "[See amendments to the Sentencing Guidelines pp45-46]. [Emphasis supplied]**

Clearly, the sentencing commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner respectfully submits that this Honorable Court so will accord the same or similar priority status in ruling upon this instant motion considering the great disparity as the reason for this modest amendment and reduce the sentence under the advisory guideline.

Secondly, the Commissioner also addressed under **Amendment 12**, two critical areas of Chapter Four (4) Criminal History rules: The counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. **Amendment 12** simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline. It is thus respectfully requested that this Honorable Court grant unto Petitioner such other and further reduction of her Sentence resulting from the Criminal History **Chapter 4 (Amendment 12).**

Defendant respectfully moves this Honorable Court to reduce her sentence based on the following stated facts on record:

## Original sentence computation:

1. Federal registration Number: <u>08989-002</u>

2. Place of Confinements:     <u>Federal Prison Camp Marianna</u>

3. Name of Court Sentenced:   <u>Middle District of Alabama</u>

4. Date of Sentence:    <u>June 3, 1993</u>

5. Type of Drug (s), including Criminal Code Provisions:  <u>U.S.C. 841 (a) (1)  Count One to Conspiracy to Possess with the Intent to Distribute Cocaine Base; Count XII & XIV - 21 U.S.C 841 (a) (1) and 18 U.S.C.2 Cocaine Base; Count XV - 21 U.S.C. 841 (a) (1) Cocaine Base</u>

6. What was your plea? _____ Guilty __X__ Not Guilty _____ 5K.1.1

7. Was your Sentenced determined by the Drug Quantity table in Guideline §2D1.1 __X__ Yes _____ No _____ N/A

8. Criminal History Category (Point) __3__ (SEE J&C as Exh. I)

9. Base Offense Level: __36__

10. Length of Sentence: __240 months__

11. Total Offense Level: __36__

## Modified Sentence Based Upon Amendment 9 Effective November 13, 2007:

12. Base Offense Level: __36__

13. Other (Explain): __N/A__

14. Length of Sentence: __188 months__

15. Total Offense Level: __34__

3

Defendant respectfully moves this Honorable Court to reduce her sentence based on the following stated facts on record:

## Original sentence computation:

1. Federal registration Number: <u>08989-002</u>

2. Place of Confinements:    <u>Federal Prison Camp Marianna</u>

3. Name of Court Sentenced:    <u>Middle District of Alabama</u>

4. Date of Sentence:    <u>June 3, 1993</u>

5. Type of Drug (s), including Criminal Code Provisions:  <u>U.S.C 841 (a) (1) Count One to Conspiracy to Possess with the Intent to Distribute Cocaine Base; Count XII & XIV – 21 U.S.C. 841 (a) (1) and 18 U.C.C. 2 cocaine Base: Count XV – 21 U.S.C. 841 (a) (1) Cocaine Base</u>

6. What was your plea? _____ Guilty __X__ Not Guilty _____ 5K.1.1

7. Was your Sentenced determined by the Drug Quantity table in Guideline §2D1.1 __X__ Yes _____ No _____ N/A

8. Criminal History Category (Point) __3__ (SEE J&C as Exh. I)

9. Base Offense Level: __34__

10. Length of Sentence: __240 months__

11. Total Offense Level: __34__

## Modified Sentence Based Upon Amendment 9 Effective November 13, 2007:

12. Base Offense Level: __34__

13. Other (Explain): __N/A__

14. Length of Sentence: __188 months__

15. Total Offense Level: __32__

3

### III.        CRIMINAL HISTORY

16.  Do you have a Prior Offense? __X__ Yes____ No (If your answer is "NO", skip questions 13. 14, 15,)

17.  Did you receive points for your Petty Offenses and Misdemeanor? _X_ Yes ___ No ___ N/A.

18.  Was your petty offense(s) and Misdemeanor that received a sentence of a term of more than one year probation pursuant to guideline §4A1.2(c) (1) and (2) counted in your Criminal History Score? List, include the points (Attach a copy if available.) ___Simple Possession of Cocaine Base ( 1yr probation was my sentenced); 4 points was added to my PSI report for this charge___

19.  Was your Non-listed offense(s) determined to be "similar" to an offense listed at §4A1. (c) (1) and (2) of the guideline? __X__Yes _____No _____N/A

Base on the above information, Petitioner respectfully request this Honorable Court to further reduce her points under the Criminal History Provisions in **Chapter 4A1.2(c) (1) and (2)** base on **AMENDMENT 12.**

## IV. CONCLUSION

For the foregoing and aforetasted reasons, Petitioner herein respectfully requests this Honorable court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C. §3582 (c) (2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's original sentencing of Petitioner. Thus applying the post Booker advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto her such other and further relief as may be deemed just and proper under the circumstances.

Dated: November 13, 2007                    Respectfully submitted,

                                            _Darlene Strickland_  08989-002
                                            Name                  Reg. No.

                                            P.O. Box 7006
                                            Marianna FL. 32446

## CERTIFICATE OF SERVICES

I, Arlene Strickland, hereby certify that on the 18 day of November 2007, I served upon the following interested party, a true copy of the foregoing Motion for Reduction of Sentence, by United States Mail, first class, postage pre-paid, or as follows:

United States Attorney
Randolph Neely
P.O. Box 921
Montgomery, Alabama  36102